IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                            Case No. 03-10157-01-JTM

ANDRE DAVIS,

    Defendant.

MEMORANDUM AND ORDER

This matter comes before the court on petitioner Andre Davis's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 210). Mr. Davis contends his trial counsel was ineffective in several respects. This court must decide whether he has met the *Strickland v. Washington* test for showing ineffective assistance of counsel. Because he cannot show that his counsel's performance was deficient or that he was prejudiced, the court denies his motion.

**I. Factual Background**

The Tenth Circuit summarized the facts surrounding Mr. Davis's conviction and sentencing, which he does not dispute, as follows:

> Kansas state troopers stopped a rental car driven by Myron Wynn, in which Davis and Kericka Kirkland were passengers. After questioning Davis and Wynn separately, the troopers recognized they provided inconsistent statements regarding their travel plans and the rental car. Davis and Wynn also appeared abnormally nervous, and a criminal history check revealed Davis's prior record for dealing cocaine. The troopers issued a warning ticket to Wynn and requested consent to search the vehicle, which he refused. They requested consent from Davis, who

initially refused, but later consented to the search. The troopers searched the vehicle and located a bag containing cocaine. They placed Davis, Wynn, and Kirkland under arrest. Davis filed a motion to suppress the evidence discovered during the search of the vehicle, arguing the troopers lacked reasonable suspicion to detain him beyond the time necessary to conduct a traffic stop and failed to obtain valid consent to search the vehicle. The district court held an evidentiary hearing and denied the motion.

Prior to trial, the government filed an information notifying Davis the government would seek an enhanced sentence upon his conviction based upon his two prior felony drug convictions in Indiana. However, one conviction occurred after Davis's arrest in this case and thus did not qualify as a prior conviction for enhancement. For the other prior conviction, which qualified for the sentencing enhancement, the government listed the incorrect case number. In his objections to the presentencing report and at his sentencing hearing, Davis objected to the adequacy of the notice in the information, but not based upon the erroneous case number. The district court rejected Davis's arguments and found the information was adequate to give Davis proper notice that he faced an enhanced sentence. Davis was sentenced to the statutory mandatory minimum of 240 months' imprisonment, which was to run concurrently with a forty-five year Indiana state sentence Davis was already serving.

Also prior to trial, Davis filed a motion in limine to exclude evidence the government planned to introduce at trial. The evidence was based on a drug related arrest that occurred in Indiana after the traffic stop and arrest in this case. In that case, Davis was found inside a house during the execution of a search warrant, holding the keys to a rental car that was later found to contain a bag of cocaine. The government offered the subsequent drug arrest as evidence of Davis's knowledge, intent, and lack of mistake or accident on the basis it would demonstrate Davis's subsequent cocaine possession in a rental car. Davis moved to exclude the evidence arguing the probative value of the evidence would be outweighed by substantial prejudice to Davis. The district court denied the motion and allowed the evidence under Rule 404(b) to show knowledge, intent, and lack of mistake or accident.

*United States v. Davis*, 636 F.3d 1281, 1287-88 (10th Cir. 2011).

In this motion, Mr. Davis seeks relief under 28 U.S.C. § 2255 contending his trial counsel was ineffective for: (1) failing to challenge the vehicle stop; (2) failing to meet with the judge or prosecutor; (3) failing to file a motion challenging the § 851 enhancement notice; (4) failing to review evidence; and (5) giving false information. Dkt. No. 210.

**II. Legal Standard: 28 U.S.C. § 2255**

> Under 28 U.S.C. § 2255(a):
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"Review under § 2255 is not an alternative to appellate review for claims that could have been presented on direct appeal but were not." *United States v. Magleby*, 420 F.3d 1136, 1139 (10th Cir. 2005), *cert. denied*, 547 U.S. 1097 (2006). A petitioner may overcome § 2255's procedural bar by showing either of "two well recognized exceptions." *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004). First, the movant must show good cause for not raising the issue on appeal and actual prejudice to the movant's defense if the issue is not considered. *Id.* Cause may "be established by showing that counsel rendered constitutionally ineffective assistance." *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002). Second, that the "'failure to consider the federal claims will result in a fundamental miscarriage of justice.'" *Cervini*, 379 F.3d at 990 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

The court must hold an evidentiary hearing "unless the [§ 2255] motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (alterations added). The defendant has the burden of proof to allege facts that would entitle him to relief. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001). "[T]he allegations must be specific and particularized, not general or conclusory." *Id.* The court may forego an evidentiary hearing if the

movant's factual allegations are "contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact." *United States v. Caraway*, No. 06-40138-01, 09-4141, 2010 WL 3721689 at *2 (D. Kan. Sept. 15, 2010); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir.1994) (rejecting ineffective assistance of counsel claims which are "merely conclusory in nature and without supporting factual averments")). Here, a hearing is unnecessary because the record of the case conclusively shows Mr. Davis is not entitled to relief.

Additionally, because plaintiff is proceeding pro se, this court construes his arguments liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**III. Legal Conclusions**

*A. Strickland v. Washington Ineffective Assistance of Counsel Standard*

In order to prevail on an ineffective assistance of counsel claim, *Strickland* requires that "the defendant must show that counsel's performance was deficient . . . [and] the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (alterations added). An attorney must give reasonably effective assistance in light of prevailing professional norms. *Id.* at 687-88. The burden is on the defendant to show that the attorney's "representation fell below an objective standard of reasonableness." *Id.* at 688. This

4

means that a petitioner must allege specific and particularized instances of ineffective representation; "'[c]onclusory allegations will not suffice to warrant a hearing.'" *Hatch*, 58 F.3d at 1457 (quoting *Andrews v. Shulsen*, 802 F.2d 1256, 1266 (10th Cir. 1986)).

To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Prejudice exists if counsel's acts or omissions "would have raised in a juror's mind a reasonable doubt concerning his guilt." *Cannon v. Mullin*, 383 F.3d 1152, 1171 (10th Cir. 2004) (citing *Strickland*, 466 U.S. at 694-95).

1. Challenging the Stop

First, Mr. Davis argues his trial counsel was ineffective because he failed to challenge the constitutionality of the stop. Yet the facts explicitly contradict his argument. Initially, counsel for codefendant Myron Wynn filed a joint motion for all three defendants challenging the stop. Dkt. No. 49. Thereafter, Mr. Davis's counsel filed a motion to withdraw the motion. Dkt. No. 64. Regardless, the court held a hearing in which Mr. Davis was not present and found the stop was lawful. Dkt. No. 68. Prior to trial, Mr. Davis sought and received new counsel. His new counsel filed a motion to reinstate the motion to suppress, which was granted. The court held a second hearing and denied the motion. Therefore, it is clear Mr. Davis's trial counsel did challenge the constitutionality of the stop. Accordingly, his ineffective assistance of counsel claim on this ground fails.

### 2. Challenging the § 851 Sentencing Enhancement

Next, Mr. Davis contends that his attorney did not challenge the government's sentence enhancement based on § 851. But he fails to identify the challenge that he believes should have been made. Regardless, his attorney did challenge the enhancement. In the Tenth Circuit's review of Mr. Davis's conviction and sentence, the court noted that "Davis objected on the grounds the information stated he was subject to a mandatory life sentence when, in fact, he was only subject to a mandatory twenty-year sentence. The district court overruled this objection finding the information placed Davis on notice that he faced an enhanced sentence." *Davis*, 636 F.3d at 1296-97. It is clear counsel did challenge the adequacy of the § 851 information. But the information provided by the government contained an incorrect case number, and counsel did not object on that ground. Even if this court construed Mr. Davis's motion as challenging that omission and concluded that such a failure was deficient, he cannot show prejudice under *Strickland*. Therefore, this argument must fail.

### 3. Meeting with Judge or Prosecutor, Reviewing Evidence, and Giving False Information

Last, Mr. Davis contends, without argument or factual basis, that his counsel failed to meet with the judge or prosecutor, failed to review evidence, and gave false information. Under both the § 2255 and *Strickland* standards, a defendant must allege specific instances of ineffective assistance. *Strickland*, 466 U.S. at 688; *Caraway*, 2010 WL 3721689 at *2. Conclusory allegations are insufficient. Because Mr. Davis has made only conclusory allegations of ineffective assistance of counsel on these grounds and has not provided the court a factual basis for his claims, the court must deny his motion. *See Fisher*, 38 F.3d at 1147.

**IV. Certificate of Appealability**

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). While a movant is not required to demonstrate that his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotation omitted). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* at 336. The rulings made above are not the type that reasonable jurists could debate or would conclude were wrong. Therefore, the court will not issue a certificate of appealabilty for this Order.

IT IS ACCORDINGLY ORDERED this 28th day of February 2012, that Andre Davis's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 210) is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE